UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80730-CIV-COHN/SELTZER

ALL AMERICAN FARMS, INC.,

    Plaintiff,

v.

THE LANES CONSULTING
FIRM, LLC, d/b/a Rocco's
Fruit and Produce, and
JACOB HOWES,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Preliminary Injunction [DE 4] ("Motion"). The Court has carefully reviewed the Motion and the full record in this action brought under the Perishable Agricultural Commodities Act ("PACA"). Further, Plaintiff presented oral arguments and evidence at a motion hearing held earlier today. Although Defendants received notice of this proceeding, they neither responded to the Motion nor appeared at the hearing.

As discussed on the record at the motion hearing, the Court finds that Plaintiff has clearly shown (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the harm an injunction may cause to Defendants; and (4) that granting the injunction will not disserve the public interest. See Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994). In particular, the Court concludes that Defendants' failure to pay Plaintiff for deliveries of produce creates a statutory trust in the amount of the unpaid invoices plus the reasonable

attorney's fees and costs that Plaintiff incurred in bringing this action.  See 7 U.S.C. § 499b(4); id. § 499e(a), (c)(2).  The record demonstrates, moreover, that this statutory trust is "being dissipated or threatened with dissipation."  Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 160 (11th Cir. 1990); see 7 C.F.R. § 46.46(a)(2).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Preliminary Injunction [DE 4] is **GRANTED**;

2. Defendants The Lanes Consulting Firm, LLC, d/b/a/ Rocco's Fruit and Produce, and Jacob Howes, by themselves or their agents, employees, officers, directors, subsidiaries, assigns, banking institutions, and all other persons acting for, in concert, or in participation with Defendants, are enjoined and restrained from dissipating or disbursing the assets of the statutory trust ("PACA trust") under which Plaintiff is a perfected beneficiary, until further order of the Court;

3. The assets subject to this Order include all of the assets of Defendants, unless Defendants can prove to the Court that a particular asset is not derived from: perishable agricultural commodities, inventories of food or other products derived from perishable agricultural commodities or receivables or products from sale of such commodities or products;

4. Defendants are specifically precluded from:  paying any creditors and bills, including salaries or wages, or transferring, assigning, or selling any and all assets, until further order of the Court or until written agreement signed by Plaintiff's counsel;

5. Defendants may sell perishable agricultural commodities or products derived from perishable agricultural commodities for fair compensation, without right of set-off, and collect outstanding receivables and monies owed on the condition

that Defendants maintain the proceeds of such sale subject to this Order;

6. Defendants shall pay Plaintiff, via Plaintiff's attorney, $65,248.15 by cashier's check or electronic transfer within three (3) days of service of this Order, or, should a bona fide defense exist, deposit the same sum into in an interest bearing escrow account with a federally insured financial institution as monies owed to Plaintiff under the PACA trust, and no withdrawals from this account shall be made without Court's approval, except for payment to Plaintiff's counsel;

7. Unless Defendants pay Plaintiff as specified in the preceding paragraph, Defendants, within five (5) days of the service of this Order, shall provide, under penalty of perjury, the Court and Plaintiff's counsel with a verified and detailed accounting of Defendants' business operations, including but not limited to: monthly statements of assets and liabilities, monthly balance sheets, monthly unredacted bank account statements, monthly accounts receivable and accounts payable, a listing of all persons or entities which have bought from or sold produce to Defendants, including names, addresses, phone numbers, dates, and sales amounts, monthly lists of employees, records for all salaries, commissions, and wages paid, state and federal income tax returns including schedules, and any other commonly kept documents pursuant to PACA regulations, so that the Court and Plaintiff may adequately assess the disposition of the PACA trust res. The period of time covered by all the documents in the accounting shall be the prior eighteen (18) months;

8. Unless Defendants pay Plaintiff $65,248.15 as specified in the preceding paragraphs, Defendants shall, within five (5) days, serve, in conformity with the Federal Rules of Civil Procedure, a copy of this Order on all financial institutions

or parties who may be holding assets of the PACA trust and file certificates of such service with the Court within seven (7) days;

9. The bond requirements of Fed. R. Civ. P. 65(c) are met by Defendants holding trust assets of Plaintiff as security for the issuance of this Order;

10. Plaintiff may move for additional injunctive relief as necessary to preserve the PACA trust interests of Plaintiff and any other PACA trust beneficiaries as may be identified via the ordered accounting.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of June, 2014.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF

4