UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80730-CIV-COHN/SELTZER

ALL AMERICAN FARMS, INC.,

    Plaintiff,

v.

THE LANES CONSULTING
FIRM, LLC, d/b/a Rocco's
Fruit and Produce, and
JACOB HOWES,

    Defendants.

_____/

## ORDER HOLDING DEFENDANTS IN CONTEMPT OF COURT

**THIS CAUSE** is before the Court following its November 10, 2014, Contempt Hearing and upon the Declaration of Robert John McCaffery, Jr., in Support of Plaintiff's Motion for Enforcement of Court's Order [DE 38] ("Declaration"). The Court has carefully reviewed the Declaration and the record in this case. Also, the Court heard arguments from Plaintiff's counsel at the Contempt Hearing. See DE 37 (Hr'g Mins.).

On October 23, 2014, the Court issued an Order Setting Show Cause Hearing on Contempt of Court [DE 35] ("Hearing Order"). In the Hearing Order, the Court set a Contempt Hearing requiring Defendants to show cause why they had not complied with the earlier Stipulated Order and Consent Judgment [DE 32] ("Order and Judgment") and why the Court should not impose coercive contempt sanctions against Defendants. See DE 35 at 2, ¶ 2. The Court further directed that, "[r]egardless of whether counsel appears for Defendants at the show-cause hearing, **Defendant Jacob Howes shall attend the hearing in person.**" Id. at 2, ¶ 2. More, the Court warned Defendants that

if they "**do not appear at the scheduled hearing, the Court will impose contempt sanctions against them by default.**" Id. at 2, ¶ 5.  Although Plaintiff served Defendants with the Hearing Order, see DE 36, Defendants did not appear at the Contempt Hearing, nor did they otherwise respond to the Hearing Order.

Based on the facts presented, Plaintiff has shown by clear and convincing evidence that Defendants have violated the Order and Judgment.  See United States v. Roberts, 858 F.2d 698, 700 (11th Cir. 1988) (per curiam).  The Order and Judgment required Defendants to make a series of weekly payments to Plaintiff, see DE 32 at 2-3, satisfying their obligations under the Perishable Agricultural Commodities Act ("PACA").  See 7 U.S.C. § 499b(4); id. § 499e(a), (c)(2).  As of this date, however, Defendants have made only two $3,000.00 payments, and nine other such payments are past due.  Nor have Defendants produced any evidence that they cannot comply with the Order and Judgment.  See Roberts, 858 F.2d at 701 (citing United States v. Rylander, 460 U.S. 752, 755 (1983)).  Indeed, according to Plaintiff, Defendants have admitted being able to pay the outstanding amounts but have refused to do so.  See DE 33 at 3.  The Court will therefore hold Defendants in civil contempt.

As a coercive sanction for their contempt, the Court will fine Defendants $500.00 per day until they comply fully with the Order and Judgment.  The Court concludes that the amount of this fine is necessary, but not excessive, to ensure Defendants' compliance with the Order and Judgment.  See Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1558 (11th Cir. 1996).  In addition, the Court will award Plaintiff the reasonable attorney's fees and costs it has incurred in seeking to enforce the Order and Judgment.  See Rickard v. Auto Publisher, Inc., 735 F.2d 450, 458 (11th Cir. 1984).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants The Lanes Consulting Firm, LLC, d/b/a Rocco's Fruit and Produce, and Jacob Howes are **HELD IN CONTEMPT** of this Court.

2. Defendants are found to be in violation of their fiduciary duties under the PACA trust, for failure to pay promptly, per the terms of the Order and Judgment. See DE 32 at 2, ¶ 2.

3. Defendants shall pay to the Court a **FINE** of $500.00 per day, starting on the date of this Order and continuing until Defendants comply fully with the Stipulated Order and Consent Judgment [DE 32].

4. Attorney's fees and costs totaling $2,992.25 are awarded to Plaintiff and are added to the $52,476.22 amount Defendants still owe under the Order and Judgment [DE 32 at 2-3, ¶ 6], resulting in a new outstanding total of $55,468.47.

5. For Defendants to comply fully with the Order and Judgment, as well as this Order, they must pay into the trust account of Plaintiff's attorney, through electronic transfer or certified bank check, **all** of the following:

    a. the outstanding amount due as of November 11, 2014, which is $27,000.00;

    b. the $2,992.25 in fees and costs awarded herein; and

    c. any additional weekly payments of $3,000.00 that become due under the Order and Judgment.

    This total sum is the "amount due."

6. Until Defendants are in full compliance with this Order, they shall not make any payments to any non-PACA entity.

7. Unless Defendants are in full compliance with this Order, within five (5) days of service of this Order, Defendants shall serve upon Plaintiff's attorney a verified accounting of all of Defendants' assets, including copies of their most recent unredacted bank statements for the last six months.

8. Defendants are notified that Plaintiff retains the right to move this Court for additional sanctions, **including coercive imprisonment of Jacob Howes**, to make Defendants obey the Order and Judgment.  Relevant to any such motion is Defendants' repeated disregard of this Court's Orders, including the prior Order Granting Motion for Preliminary Injunction [DE 16].  See DE 27 (Order Setting Contempt Hr'g).

9. Plaintiff's counsel shall immediately serve a copy of this Order on Defendants and file proof of service with the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 12th day of November, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF