UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80730-CIV-COHN/SELTZER

ALL AMERICAN FARMS, INC.,

    Plaintiff,

v.

THE LANES CONSULTING
FIRM, LLC, d/b/a Rocco's
Fruit and Produce, and
JACOB HOWES,

    Defendants.
_____/

## ORDER IMPOSING FURTHER CONTEMPT SANCTIONS

**THIS CAUSE** is before the Court following its January 16, 2015, hearing requiring Defendants to show cause "(a) why they have yet to comply with the Stipulated Order and Consent Judgment [DE 32] and the Order Holding Defendants in Contempt of Court [DE 39], and (b) why the Court should not impose additional contempt sanctions against Defendants, **including the arrest and imprisonment of Jacob Howes**, to ensure that they obey these Orders."  DE 45 at 3 (Order Setting Show Cause Hr'g on Contempt of Ct.).  The Court has carefully reviewed the record in this case, including three filings by Plaintiff reporting his counsel's unsuccessful efforts to obtain Defendants' compliance with the Court's Orders.  See DE 40, 43, 44.  At the hearing, Plaintiff's counsel offered further sworn testimony about his repeated but futile attempts to resolve this matter with Defendant Jacob Howes.  See DE 50 (Hr'g Mins.).  Although Defendants were served with notice of the hearing, and the Court ordered Howes to appear in person, neither Howes nor any counsel for Defendants attended the hearing.  See DE 45 at 3; DE 48, 50.

I.      **Background**

On November 12, 2014—following a contempt hearing at which Defendants also failed to appear—the Court issued an Order Holding Defendants in Contempt of Court [DE 39] ("Contempt Order").  The Contempt Order was based on Defendants' unjustified failure to make timely payments to Plaintiff in accordance with the previously entered Stipulated Order and Consent Judgment [DE 32] ("Order and Judgment"). Among other terms of the Contempt Order, the Court required Defendants to pay a fine of "$500.00 per day, starting on the date of this Order and continuing until Defendants comply fully with" the Order and Judgment.  DE 39 at 3.  The Court cautioned Defendants that "Plaintiff retains the right to move this Court for additional sanctions, **including coercive imprisonment of Jacob Howes**, to make Defendants obey the Order and Judgment."  Id. at 4.  "Relevant to any such motion," the Court noted, "is Defendants' repeated disregard of this Court's Orders, including the prior Order Granting Motion for Preliminary Injunction [DE 16]."  Id.

In the recent filings mentioned above, Plaintiff states that Defendants have made no effort to comply with the Order and Judgment or the Contempt Order, and that Jacob Howes has told Plaintiff's counsel that Defendants will not comply.  See DE 40, 43–44. The record also shows that Howes acted belligerently toward the person who served him with the Contempt Order.  See DE 41 (Return of Service).  In light of these facts, Plaintiff sees "no reasonable expectation that Defendants' behavior will be modified by the monetary coercive sanctions imposed by the Contempt Order."  DE 40 at 4. Plaintiff therefore requests that the Court "impose coercive imprisonment of Jacob Howes as a sanction to encourage the Defendants [to] bring themselves into compliance."  Id. at 6.

**II.     Discussion**

The Court must determine whether it should impose further contempt sanctions against Defendants to ensure their compliance with the Court's Orders and, if so, what additional sanctions are necessary.  See Jove Eng'g, Inc. v. IRS, 92 F.3d 1539, 1558 (11th Cir. 1996).  Based on the record, it is clear that the earlier-imposed daily fine has not compelled Defendants to obey the Court's Orders.  And given Defendant Howes's defiant responses, as well as Defendants' repeated violation of Court Orders, the Court finds that imposing more monetary sanctions would likewise be ineffective.  To ensure Defendants' compliance, the Court concludes that it is now necessary to arrest and imprison Defendant Jacob Howes until Defendants obey the Court's Orders in full. See, e.g., Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command, such as an order [to pay money]."); Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1531 (11th Cir. 1992) (per curiam) (affirming district court's decision to continue year-and-a-half imprisonment of party held in civil contempt for failing to make payments required by court order).[1]

---

[1]  A party in contempt may avoid sanctions by "produc[ing] detailed evidence specifically explaining why he cannot comply" with the court's order.  United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988) (per curiam) (citing United States v. Rylander, 460 U.S. 752, 755 (1983)).  "This burden of production is not satisfied by a mere assertion of inability."  Id. (internal quotation marks omitted).  Rather, "a party subject to a court's order demonstrates inability to comply only by showing that he has made in good faith all reasonable efforts to comply."  Id. (internal quotation marks omitted).  Defendants have made no such showing here.  More, the information supplied by Plaintiff suggests that Defendants are able to comply with the Court's Orders but have chosen not to do so.

3

### III. Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Court will issue a bench warrant, along with any necessary writ, for the arrest of Defendant Jacob Howes;

2. The Court will further direct the U.S. Marshals Service to arrest Howes, transport him to this District, and hold him in federal custody until he satisfies the Court that Defendants have complied fully with the Stipulated Order and Consent Judgment [DE 32] and Order Holding Defendants in Contempt of Court [DE 39];

3. The Court will consider any motion by Plaintiff to recover further attorney's fees and costs as a compensatory sanction for Defendants' ongoing contempt; and

4. Plaintiff's counsel shall immediately serve a copy of this Order on Defendants and file proof of service with the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of January, 2014.

*James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF